John R. W. STERLING, Appellant,

v.

Leroy J. BLACKWELDER et al.,
Appellees.

No. 12920.

United States Court of Appeals
Fourth Circuit.

Argued May 8, 1969.

Decided Aug. 22, 1969.

See also, 4 Cir., 405 F.2d 884.

Richard M. Millman, Washington, D. C., for appellant.

Benjamin R. Jacobs, Washington, D. C. (Lawrence D. Huntsman, Washington, D. C., on brief), for appellee Wallace F. Holladay.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

John R. W. Sterling appeals from an order of the district court directing the return of a $50,000.00 deposit which had been made by Wallace F. Holladay pursuant to his agreement to purchase a certain parcel of real property (known as the Moorefield Farms in Fairfax, Virginia) "* * * free and clear of all encumbrances * * *." Upon examination of the title to said real estate it was discovered that the property involved was servient to nine recorded easements.[1]

The district court held that these easements constituted encumbrances on the property, and consequently: the undertakings of the above-mentioned agreement could not be complied with in that the purchase could not be accomplished free and clear of all encumbrances; the prospective purchaser, Holladay, was entitled to rescind the agreement to purchase; and he was entitled to a refund of his deposit.

We affirm the holding of the district court for the reasons stated in its opinion.[2]

Affirmed.

---

[1]. These easements were held by the Commonwealth of Virginia in connection with public highways and by various public utilities.

[2]. Sterling v. Blackwelder, Mem. Order, 302 F.Supp. 1125 (E.D.Va.1969).